Ruffin, C. J.
 

 The Legislature is competent to direct, where the records shall be kept and what officers shall from time to time issue lawful process upon them. The. only question, therefore, is, whether, by the proper construction of the act of 1S48, executions are to be issued from the Superior Court of Rutherford on judgments rendered in the former Superior Court of Polk. It would seem, that there could not be a doubt upon it. The acts abolish Polk County, its Courts and Clerk’s offices, except ing only, that the Clerk is kept in office until he can perform the duty of transferring the records, as directed in the act. The provisions upon that subject are not the same in respect to both Counties, They are, that of the
 
 *246
 
 suits pending, transcripts shall fee made, and, together with the original papers, relating to the respective transcripts, shall be delivered by the Clerk of Polk in the following manner : that is. to the Clerk of Henderson, those* in which the parties live in Henderson, and to the Clerk of Rutherford those, in which either of the parties lives in the latter County. In that mode, áre disposed of all the undecided cases. Then, as to the cases, which had been decided, the provision is plenary, with the exception of the original papers relating to pending suits, which go with the respective transcripts of those suits — “all the records and dockets belonging to his office” are to be delivered by the Clerk of Polk to the Clerk of Rutherford Superior Court. It obviously follows, that the execution is to issue from the Court, in which the record of the judgment is; it can issue from no other; and, as the Legislature could not mean, if within its power, to deprive the citizen of the benefit of his judgment rendered in Polk, he must be entitled to execution on it from the Court of Rutherford. That is rendered still clearer, if possible, by the command in the 15th section to the Clerks in Henderson and Rutherford to act on those records and papers, thus transferred, as if such records and papers had originally belonged to their offices; which,no doubt, was intended to enable and require those Clerks to proceed immediately in those cases, without any special direction of the Court, according to the course of the office. It must, therefore, be certified, that there was no error in refusing the motion.
 

 Per Curiam. Ordered accordingly.